NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 17, 2022[*]
Decided June 24, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

| | |
|---|---|
| No. 22-1428 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| MARY CORNER,<br>    *Plaintiff-Appellant*, | |
| *v.* | |
| MARTIN J. WALSH, Secretary of Labor,<br>    *Defendant-Appellee*. | No. 21 CV 2867<br><br>Manish S. Shah, *Judge*. |

**O R D E R**

Mary Corner believes that the officers of her local union, a chapter of the American Postal Workers Union, should not hold their positions. Year after year, she demands that the Secretary of Labor file suit to oust these officers. Year after year, the Secretary declines. Year after year, Corner files suit asking the judiciary to compel the Secretary to sue. Year after year, she loses.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

Corner's complaint about the 2020 election contends that all of the local chapter's officers are ineligible because none is a member of the union in good standing, a requisite for election. 29 U.S.C. §481(e). They aren't members in good standing, Corner contends, because they have not paid their dues. She attached to her administrative complaint one document (an LM-2 form) that in her view does not reflect payment. The Secretary concluded, however, that all four have paid—three by deductions from their salaries as officers of the local chapter and the fourth by dues checkoff from his salary with the Postal Service until his retirement, after which the local chapter deducted dues from his salary as an officer. In reaching these conclusions the Secretary relied on the Local's dues records, the Postal Service's payroll statements and dues-checkoff statements, and the national union's per-capita-tax statements.

A federal court may compel the Secretary to file suit against a union only if the Secretary's statement of reasons is arbitrary and capricious; the judiciary cannot take evidence and look behind the statement. See *Dunlop v. Bachowski*, 421 U.S. 560, 572–73 (1975). The district court granted judgment to the Secretary, observing that his explanation for not suing appears to be well researched and reasoned. 2022 U.S. Dist. LEXIS 29545 (N.D. Ill. Feb. 18, 2022). (Actually the Secretary issued more than one statement of reasons, but we use the singular for ease of exposition.) Corner then appealed.

Corner's appellate brief does not contend that the Secretary's statement is defective. Instead she accuses the Department of Labor's lawyers of having committed a felony, 18 U.S.C. §1001, by mentioning it at all. She wants the judiciary to ignore the statement and look only to the form that she submitted. She now contends that, because she has ignored the Secretary's statement, the Department of Labor's lawyers must do so too and committed a crime by bringing it to the district judge's attention.

As we mentioned at the outset, Corner is a frequent litigant about union-election matters. She has been told repeatedly, by district judges and this court, that the *Bachowski* standard limits judicial review. She cannot opt out of *Bachowski* by ignoring the Secretary's statement of reasons. In litigation under the Administrative Procedure Act, 5 U.S.C. §706(2)(A), courts review the administrative record. *Bachowski* holds that the administrative record in a contest to a union election is the Secretary's statement of reasons. An agency does not violate the APA, let alone a criminal statute, by lodging the administrative record in the district court. Because the statement is the administrative record, it does not matter whether the Department's decision to provide the district court with a copy of the Secretary's statement converted its motion to one for summary judgment. Whether this case is evaluated under Fed. R. Civ. P. 12(b)(6), Rule 12(c), or Rule 56, the record is the same: the Secretary's statement. There will be no discovery, no testimony, and no judicial findings of fact or credibility assessments.

Corner ignores the district judge's analysis just as she ignores the Secretary's statement of reasons. We have twice told her that baseless attacks on elections must cease. See *Porch-Clark and Corner v. Engelhart*, No. 13-2022 (7th Cir. Dec. 10, 2013) (non-precedential disposition); *Corner v. Acosta*, No. 18-3655 (7th Cir. June 3, 2019) (nonprecedential disposition). Our warnings—which mirror warnings she has received from district judges—do not appear to have affected her behavior; the current appeal is even weaker than its predecessors. We therefore order Corner to show cause within 14 days why she should not be subject to financial or other penalties for this frivolous appeal. See Fed. R. App. P. 38.

The judgment of the district court is affirmed and an order to show cause is issued.